CAPITAL MERCHANDISE COMPANY, PLAINTIFF AND APPELLEE, *v.* GERALDINO & CO. ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of Debt.—Motion for Dismissal of the Appeal.

No. 2629.—Decided March 17, 1922.

APPEAL—NON-RESIDENT.—Although the time allowed by law within which to appeal is jurisdictional, nevertheless the power conferred upon the courts by section 342 of the Code of Civil Procedure to require that a bond be given

by a plaintiff who is not a resident of the Island, as in this case, all proceed-
ings to be stayed until the bond is given, carries as a consequence the sus-
pension of the time for appeal; otherwise all proceedings would not be stayed.

The facts are stated in the opinion.

*Mr. J. Rosario Gelpí* for the appellants.

*Mr. C. Brunet* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Judgment having been rendered in this case on July 15, 1921, in favor of the plaintiff and the clerk having filed in the record on the following day a copy of the notice thereof given to the defendants, on July 26th the trial court ordered a stay of the judgment until the plaintiff should give the security required by section 342 of the Code of Civil Procedure. On August 15th that security was furnished and on August 27th the defendants served on the plaintiff a notice of their appeal from the judgment.

Now the appellee moves this court for a dismissal of the appeal on the ground that it was taken after the expiration of the thirty days allowed by law within which to appeal and the appellants oppose the motion, alleging that by discount- ing the time during which the proceedings were stayed it would appear that the appeal was taken within thirty days. Consequently the question before us is whether the time within which to appeal from the judgment was suspended from the 26th of July to the 15th of August.

Section 342 of the Code of Civil Procedure provides that when the plaintiff resides out of the Island, as in this case, he may be required to give security for the costs and charges which may be awarded against him and when so required all proceedings in the action must be stayed until he files an undertaking with the clerk, the amount of which shall not exceed the sum of three hundred dollars; but that an addi- tional or new undertaking may be ordered upon proof that the original undertaking is insufficient security. Inasmuch as when the plaintiff in this case was required to give the

security to which the said section refers the judgment had been rendered and notice of it had been given to the defeated party, the stay of the proceedings operated, as ordered by the court, to suspend the effects of the judgment, the consequence being that until the security was given the time within which to appeal from the judgment was suspended, for otherwise the defendants would have been obliged to take their appeal without the security for the costs and charges to which they are entitled under the law in cases of this kind, and would be deprived of the protection of the law in case the judgment should be reversed with the costs against the plaintiff who had not given the security. If the stay did not operate as a suspension of the time allowed for an appeal by the party who considers himself aggrieved by the judgment, then there would be no way of compelling the plaintiff to give the security. The stay of the proceedings takes effect when it is ordered and thereafter nothing can be done in the proceedings. In the cases cited in 3 C. J. 1062, note 73, the notices of the judgments given after the proceedings had been stayed were adjudged null and void.

It is true, as the appellee contends, that the time allowed by law within which to appeal is jurisdictional and mandatory and can not be extended by the courts without express authority of the law, but we are of the opinion that the power conferred upon the courts by section 342 of the Code of Civil Procedure to require that security be given by the plaintiff and to stay all proceedings until the security is given carries with it as a consequence the suspension of the time within which to appeal, for otherwise all proceedings would not be stayed.

The motion for dismissal of the appeal must be overruled.

*Motion overruled.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.